### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN LAKICS, | ) | |
| Plaintiff, | ) | |
| | ) | Case No:  09 cv 6929 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| COUNTY OF DUPAGE and | ) | |
| JOHN ZARUBA, in his official capacity as | ) | Mag. Judge Valdez |
| DuPage County Sheriff, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWERS AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COME the Defendants, the COUNTY OF DUPAGE and JOHN ZARUBA, in his official capacity as DuPage County Sheriff[1] (hereinafter "Defendants"), by and through their attorney, Joseph E. Birkett, DuPage County State's Attorney, and his assistants, Paul F. Bruckner and William R. Roberts, and for their answer to Plaintiff's Complaint, state as follows:

### NATURE OF CLAIM

1.      This is an action seeking redress for discrimination in violation of Title VII, as amended by the Civil Rights Act of 1991, including discrimination based on sex, female, 42 U.S.C. § 2000e-2(a); and retaliation under Title VII and color of state law, and a violation of right to freedom of association under the United States Constitution and 42 U.S.C. § 1983.

ANSWER:     Defendants admit that this action seeks redress for alleged discrimination, retaliation, and violation of right to freedom of association, but deny that Defendants discriminated against Plaintiff, deny that Defendants retaliated against Plaintiff, deny that

---

[1] On January 14, 2010, the Court denied Defendant's, "DuPage County Sheriff's Department", motion to dismiss brought on the basis that the named 'party' was a non-existent entity. The Court granted Plaintiff's oral motion to substitute defendant on the basis of misnomer. DuPage County Sheriff's Department was removed as defendant , and County of DuPage and John Zaruba in his official capacity as DuPage County Sheriff were substituted as defendants.

Defendants violated Plaintiff's rights, and deny violating any of the Constitution and/or statutes listed.

## JURISDICTION AND VENUE

2.     Jurisdiction lies in this Court pursuant to 28 U.S.C. §1343(a)(3) and (4) and 28 U.S.C. § 1331.

ANSWER:     Defendants deny any pendent jurisdiction, but admit the remaining allegations contained within paragraph 2.

3.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), as Plaintiff's cause of action arose herein.

ANSWER:     Defendants admit that venue is proper in the Northern District of Illinois but deny any allegations of discrimination, retaliation, or violation of rights which may be contained within paragraph 3.

## PARTIES

4.     Plaintiff SUSAN LAKICS (hereinafter "LAKICS" or "Plaintiff,") is a female citizen of the United States and currently is a resident of West Chicago, Illinois, in DuPage County.

ANSWER:     Defendants admit the allegations contained within paragraph 4.

5.     LAKICS was at all relevant times an employee of Defendants, COUNTY OF DUPAGE and JOHN ZARUBA, in his official capacity as DuPage County Sheriff, and at all relevant times worked for the Defendants in the State of Illinois under its authority and control.

ANSWER:     Defendants deny the allegations contained within paragraph 5.

6.    Defendants are a law enforcement division of the County of DuPage providing services to its residents, and at all times relevant herein Defendants had a substantial physical and corporate presence within this Judicial District, in Wheaton, Illinois.

ANSWER:    Defendants deny the allegations contained within paragraph 6.

## PROCEDURAL REQUIREMENTS

7.    LAKICS has fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991. She timely filed a Charge of Discrimination against the Defendants with the Equal Employment Opportunity Commission and has received a Right to Sue letter from the Department of Justice. The Right to Sue Letter is attached hereto and made part hereof as Exhibit "A."

ANSWER:    Defendants admit that Lakics has received a Right to Sue letter from the Department of Justice and that a copy of that Right to Sue Letter was attached to Lakic's Complaint as Exhibit "A.", but denies the remaining allegations contained within paragraph 7.

## FACTUAL BACKGROUND

8.    Plaintiff, a female, first began her employment with Defendants in May 1996 and she is presently employed by Defendants. Defendants are a qualified employer under Title VII and at all relevant times they employ in excess of fifteen (15) employees.

ANSWER:    Defendants admit that Defendants are a qualified employer under Title VII and at all relevant times they employ in excess of fifteen (15) employees, but deny the remaining allegations contained within paragraph 8.

9.    At all times throughout the course of her employment, Plaintiff was qualified for her positions, and performed her job to the expectation of her employers and beyond.

3

ANSWER: Defendants deny that Plaintiff was employed by both Defendants and therefore must deny the allegations contained within paragraph 9.

10. Plaintiff began her employment with Defendants as a civilian employee in the records division of the Corrections department. The following year, in 1997, she was sworn in as a deputy and continued working in the Corrections department.

ANSWER: Defendants admit that in 1997, Plaintiff was sworn as a Deputy Sheriff, but denies that Plaintiff was employed by both Defendants, and therefore must deny the remaining allegations contained within paragraph 10.

11. Presently, Plaintiff is still employed as a deputy working for Defendants.

ANSWER: Defendants admit that Plaintiff is currently a sworn deputy but deny that Plaintiff is employed by both Defendants, and therefore must deny the remaining allegations contained within paragraph 11.

12. Between 1997 and the present, Plaintiff was refused various promotions, including promotions to corporal and sergeant positions. As a result, Plaintiff worked in the same position from 1997 through October 2009.

ANSWER: Defendants deny that Defendants refused Plaintiff various promotions, deny that Plaintiff is employed by both Defendants, and deny the allegations contained within paragraph 12.

13. After Plaintiff was repeatedly refused promotions throughout her tenure with Defendants, COUNTY OF DUPAGE and JOHN ZARUBA, in his official capacity as DuPage County Sheriff, Plaintiff was subjected to harassment and comments from co-workers and supervisors.

4

ANSWER: Defendants deny that Defendants repeatedly refused Plaintiff promotions, deny that Plaintiff is employed by both Defendants, and deny the allegations contained within paragraph 13.

14. In 2006, Plaintiff was ranked sixth out of over sixty individuals who took a promotional test for a position as sergeant.

ANSWER: Defendants deny the allegations contained within paragraph 14.

15. The ranked list was posted in the Sergeant's department, visible to Defendants' employees. On the list, Plaintiff's name had been crossed off and "DOA" was written next to her name.

ANSWER: Defendants admit that a list of individuals who have passed the promotional testing for sergeant, in rank order, is publicly posted, including at the Merit Commission, and is visible to Defendants' employees. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 15.

16. Plaintiff complained to Defendants through her supervisor about the list and the harassment she experienced from her co-workers regarding the list. However, Plaintiff's supervisor took no action.

ANSWER: Defendants deny that Plaintiff was employed by both Defendants and therefore must deny the allegations contained within paragraph 16.

17. In November 2007, Defendants promoted six individuals from the ranked list to the position of sergeant. The first five individuals on the ranked list were offered the promotion to sergeant. Plaintiff was not offered the promotion, but a male ranked below her on the list was offered the promotion to sergeant.

ANSWER: Defendants admit that Plaintiff was not offered a promotion to sergeant in November 2007, admit that five individuals whose 'rank order' on the Merit Commission promotional test for sergeant was 1st through 5th, out of 8, were offered a promotion to sergeant, admit that a male whose 'rank order' on the Merit Commission promotional test for sergeant was 7th out of 8 was offered a promotion to sergeant in November 2007, admit that Plaintiff's 'rank order' on the Merit Commission promotional test for sergeant was 6th out of 8, and deny the remaining allegations contained within paragraph 17.

18.     Plaintiff was also refused the opportunity to partake in certain classes, including but not limited to law review classes.

ANSWER:     Defendants deny any allegations of discrimination, retaliation, or violation of rights which may be contained within paragraph 18.

19.     Plaintiff's male counterparts were promoted ahead of Plaintiff and given opportunities to take classes that Plaintiff was not given.

ANSWER:     Defendants admit that males have been promoted to sergeant and have been given opportunities to take classes but deny any allegations of discrimination, retaliation, or violation of rights which may be contained within paragraph 19.

20.     On numerous occasions Plaintiff made complaints to Defendants regarding the conduct of said male supervisors, employees and agents that led to her lack of promotion and discriminatory treatment. Most recently, Plaintiff made complaints to Defendants regarding the failure to promote her to the position of sergeant.

ANSWER:     Defendants deny that Plaintiff was employed by both Defendants and therefore must deny the allegations contained within paragraph 20, and further deny any

allegations of discrimination, retaliation, or violation of rights which may be contained within paragraph 20.

21.     Defendants failed to take any necessary steps to resolve the above conduct of said male supervisors, employees, and agents.

ANSWER:     Defendants deny that Plaintiff was employed by both Defendants and therefore must deny the allegations contained within paragraph 21, and further deny any allegations of discrimination, retaliation, or violation of rights which may be contained within paragraph 21.

22.     As a result her complaints, Plaintiff was subject to retaliation. Such retaliation included, but is not limited to, downgrading Plaintiff's reviews and promoting lesser qualified employees to positions for which Plaintiff was eligible.

ANSWER:     Defendants deny that Plaintiff was employed by both Defendants and therefore must deny the allegations contained within paragraph 22, and further deny any allegations of discrimination, retaliation, or violation of rights which may be contained within paragraph 20.

## COUNT I
## SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII

23.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 22 as this Paragraph 23 as through fully set forth herein.

ANSWER:     Defendants repeat and restate their answers to paragraphs 1 through 22, as and for their answer to paragraph 23 as though fully set forth herein.

24.     The foregoing adverse employment actions were taken against Plaintiff because of her sex, female, in violation of Title VII, 42 U.S.C.§2000e-2 *et. seq.* Other similarly situated male employees were treated more favorably.

ANSWER: Defendants deny that Defendants engaged in any alleged adverse employment actions against Plaintiff, deny that Plaintiff was employed by both Defendants, deny the remaining allegations contained within paragraph 24, and further deny any allegations of discrimination, retaliation, or violation of rights which may be contained within paragraph 24.

25. Defendants, by and through their agents, engaged in the above acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

ANSWER: Defendants deny that Defendants engaged in the alleged acts and conduct, deny that Plaintiff was employed by both Defendants, deny violating Title VII and deny the remaining allegations contained within paragraph 25.

26. Defendants' wrongful acts, by and through its agents, were deliberate, intentional, willful and wanton and in total disregard for Plaintiff's civil rights.

ANSWER: Defendants deny engaging in wrongful acts, deny disregarding or violating Plaintiff's civil rights, and deny any remaining allegations contained within paragraph 26.

27. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of fringe benefits, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; damage to reputation; attorneys fees, costs and other damages allowed under Title VII.

ANSWER: Defendants deny engaging in wrongful acts, deny disregarding or violating Plaintiff's civil rights, and deny any remaining allegations contained within paragraph 27.

WHEREFORE, the Defendants, the COUNTY OF DUPAGE and JOHN ZARUBA, in his official capacity as DuPage County Sheriff, deny that Plaintiff is entitled to a judgment

against them for any amount whatsoever, deny that punitive damages can be awarded against Defendants, the COUNTY OF DUPAGE and JOHN ZARUBA, in his official capacity as DuPage County Sheriff, and respectfully requests that this Honorable Court enter judgment in their favor, and against Plaintiff, and that it award Defendants all other relief it deems appropriate.

**COUNT II**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII**

28.     Plaintiff repeats and reasserts the allegations of paragraphs 1-27 as this paragraph 28 as though fully set forth herein.

ANSWER:     Defendants repeat and restate their answers to paragraphs 1 through 27, as and for their answer to paragraph 28 as though fully set forth herein.

29.     By the above actions, but not limited to the same, LAKICS was subject to pervasive and continuous unwelcome harassment at the hands of Defendants, in the terms, conditions and privileges of employment because of her gender, female, in violation of Title VII.

ANSWER:     Defendants deny engaging in any wrongful actions or harassment, deny violating Title VII, and deny the remaining allegations contained within paragraph 29.

30.     Defendants knew or should have known through Plaintiff's complaints of the aforementioned harassment and failed to take prompt remedial action to stop and correct the same.

ANSWER:     Defendants deny that Defendants engaged in wrongful actions, deny that Defendants subjected Plaintiff to harassment, and deny the remaining allegations contained within paragraph 30.

31.     By the above actions but not limited to the same, Defendants' supervisors created an intimidating, hostile and offensive work environment, which unreasonably interfered with Plaintiff's work performance, and seriously affected her psychological well-being.

ANSWER:     Defendants deny engaging in wrongful or harassing actions, deny Defendants created an intimidating, hostile or offensive work environment, and deny the remaining allegations contained within paragraph 31.

32.     Male employees were not subjected to the same or similar treatment.

ANSWER:     Defendants deny engaging in wrongful or harassing actions regarding male employees and Plaintiff, deny Defendants created an intimidating, hostile or offensive work environment for male employees and plaintiff, and deny subjecting male employees and Plaintiff to any treatment in violation of Title VII.

33.     Due to their inaction, as well as the direct actions of their supervisors, Defendants condoned and ratified the aforementioned unlawful acts.

ANSWER:     Defendants deny engaging in any unlawful acts, deny condoning or ratifying any unlawful acts, deny that Plaintiff was employed by both Defendants, and deny the remaining allegations contained within paragraph 33.

34.     Defendants' wrongful act, individually and/or by and through their agents were deliberate, intentional, willful, wanton and malicious and in total disregard and reckless indifference to Plaintiff's rights under Title VII.

ANSWER:     Defendants deny engaging in wrongful acts, deny disregarding or violating Plaintiff's rights under Title VII, and deny any remaining allegations contained within paragraph 34.

35. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; damage to reputation, attorney fees, costs and other damages allowed under Title VII.

ANSWER: Defendants deny engaging in wrongful acts, deny disregarding or violating Plaintiff's rights under Title VII, and deny any remaining allegations contained within paragraph 35.

36. The above-mentioned acts of Defendants, individually and through their agents, were willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages.

ANSWER: Defendants deny engaging in wrongful acts, deny disregarding or violating Plaintiff's rights under Title VII, and deny any remaining allegations contained within paragraph 36.

WHEREFORE, the Defendants, the COUNTY OF DUPAGE and JOHN ZARUBA, in his official capacity as DuPage County Sheriff, deny that Plaintiff is entitled to a judgment against them for any amount whatsoever, deny that punitive damages can be awarded against Defendants, the COUNTY OF DUPAGE and JOHN ZARUBA, in his official capacity as DuPage County Sheriff, and respectfully requests that this Honorable Court enter judgment in their favor, and against Plaintiff, and that it award Defendants all other relief it deems appropriate.

## COUNT III
## RETALIATION: TITLE VII

37. Plaintiff repeats and reasserts the allegations of paragraphs 1-36 as this paragraph 37 as though fully set forth herein.

ANSWER: Defendants repeat and restate their answers to paragraphs 1 through 36, as and for their answer to paragraph 37 as though fully set forth herein.

38. Plaintiff has a federally protected right to equal treatment in the workplace, and a right to a hostile-free and discrimination-free work environment.

ANSWER: Defendants admit to only those rights protected by law and deny any breach thereof.

39. Plaintiff attempted to exercise that right through complaints to Defendants through their supervisors regarding the inappropriate behavior of their managers and supervisors as outlined above, all of which resulted in total inaction and disregard for Plaintiff's situation.

ANSWER: Defendants deny that Plaintiff was employed by both Defendants, deny that Defendants engaged in inappropriate behavior, deny any allegation of discrimination, retaliation or violation of Plaintiff's rights, and deny any remaining allegations contained within paragraph 39.

40. All of these acts continued and increased after Plaintiff made complaints regarding this treatment to Defendants.

ANSWER: Defendants deny that Plaintiff was employed by both Defendants, deny that Defendants engaged in inappropriate behavior, deny any allegation of discrimination, retaliation or violation of Plaintiff's rights, and deny any remaining allegations contained within paragraph 40.

41.    Plaintiff was not promoted to the position of sergeant in or about November 2007, in retaliation for her complaints and opposition to unlawful conduct made to Defendants under Title VII.

ANSWER:    Defendants admit only that Plaintiff was not promoted to the position of sergeant in or about November 2007, deny engaging in any unlawful conduct, and deny any allegation of discrimination, retaliation or violation of Plaintiff's rights, and deny any remaining allegations contained within paragraph 41.

42.    The above-mentioned acts of Defendants, individually and through their agents, were willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages.

ANSWER:    Defendants deny engaging in wrongful acts, deny that they retaliated against Plaintiff, deny violating Plaintiff's rights under Title VII, and deny any remaining allegations contained within paragraph 42.

WHEREFORE, the Defendants, the COUNTY OF DUPAGE and JOHN ZARUBA, in his official capacity as DuPage County Sheriff, deny that Plaintiff is entitled to a judgment against them for any amount whatsoever, deny that punitive damages can be awarded against Defendants, the COUNTY OF DUPAGE and JOHN ZARUBA, in his official capacity as DuPage County Sheriff, and respectfully requests that this Honorable Court enter judgment in their favor, and against Plaintiff, and that it award Defendants all other relief it deems appropriate.

## COUNT IV
## VIOLATION OF RIGHT TO FREEDOM OF ASSOCIATION
## 42 U.S.C. §1983

43.     Plaintiff repeats and reasserts the allegations of paragraphs 1-42 as this paragraph 43 as though fully set forth herein.

ANSWER:     Defendants repeat and restate their answers to paragraphs 1 through 42, as and for their answer to paragraph 43 as though fully set forth herein.

44.     Plaintiff has the right to freedom of association as guaranteed by the First Amendment to the Constitution.

ANSWER:     Defendants admit to only those rights protected by law and deny any breach thereof.

45.     In 1998, a political fallout occurred between Plaintiff's husband, the Mayor of West Chicago and John Zaruba, the DuPage County Sheriff.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 45.

46.     Plaintiff supported her husband during his tenure as the mayor of West Chicago.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 46.

47.     Immediately following the political fallout and continuing throughout her employment, Defendants treated Plaintiff differently than other non-politically associated employees.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding a "political fallout", without knowledge or

14

information sufficient to form a belief as to the identity of "non-politically associated employees", and deny any remaining allegations contained within paragraph 47.

48.     Said differential treatment included, but is not limited to, failing to promote Plaintiff to the position of sergeant and to other positions within the COUNTY OF DUPAGE and JOHN ZARUBA, in his official capacity as DuPage County Sheriff.

ANSWER:     Defendants deny engaging in 'differential treatment', deny that Plaintiff was employed by both Defendants, deny that Defendants failed to promote Plaintiff, and deny any allegations of discrimination, retaliation, or violation of Plaintiff's rights which may be contained within paragraph 48.

49.     The Sheriff has the authority and responsibility for the Defendants' promotion processes and therefore has the power to establish policy in regards to Defendants' promotion process.

ANSWER:     Defendants deny the allegations contained within paragraph 49.

50.     Plaintiff's political involvement in her husband's campaign and tenure as mayor of West Chicago is a constitutionally protected activity under the First Amendment.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's political involvement in her husband's campaign and tenure as mayor of West Chicago, but admit that political involvement is a constitutionally protected activity.

51.     Plaintiff's political association was a substantial motivating factor in the Defendants' failure to promote Plaintiff.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's political association, and therefore deny the remaining allegations contained within paragraph 51.

52. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; damage to reputation, attorney fees, costs and other damages allowed under 42 U.S.C. §1983.

ANSWER: Defendants deny the allegations contained within paragraph 52.

WHEREFORE, the Defendants, the COUNTY OF DUPAGE and JOHN ZARUBA, in his official capacity as DuPage County Sheriff, deny that Plaintiff is entitled to a judgment against them for any amount whatsoever, and respectfully requests that this Honorable Court enter judgment in their favor, and against Plaintiff, and that it award Defendants all other relief it deems appropriate.

## AFFIRMATIVE DEFENSES

Without prejudice to, or waiver of, its denials in any and all of the statements made in this Answer to Complaint, Defendants, the COUNTY OF DUPAGE and JOHN ZARUBA, in his official capacity as DuPage County Sheriff, by and through their attorney, Joseph E. Birkett, State's Attorney of DuPage County, through his Assistants, Paul F. Bruckner and William R. Roberts, state the following as their Affirmative Defenses to Plaintiff's Complaint;

## FIRST AFFIRMATIVE DEFENSE

The decision not to offer a promotion to Plaintiff in November 2007 was made pursuant to legitimate, non-discriminatory, non-retaliatory reasons.

16

## SECOND AFFIRMATIVE DEFENSE

Defendant, the COUNTY OF DUPAGE, did not employ the Plaintiff during the period referenced in the complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to fulfill all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991. Plaintiff did not timely filed a Charge of Discrimination against the Defendants, COUNTY OF DUPAGE or JOHN ZARUBA, in his official capacity as DuPage County Sheriff, with the Equal Employment Opportunity Commission and has not received a Right to Sue letter from the Department of Justice as to either of the Defendants, COUNTY OF DUPAGE or JOHN ZARUBA, in his official capacity as DuPage County Sheriff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to file her Complaint against Defendants, COUNTY OF DUPAGE and JOHN ZARUBA, in his official capacity as DuPage County Sheriff, within the two year time period applicable to Section 1983 claim, and failed to file her Complaint within the time period specified by law with regard to her Title VII claims.

**WHEREFORE,** Defendants, prays that a judgment be entered in its favor, and against the Plaintiff; for costs of suit; for attorney fees; and for such other, further, additional or different relief as this Court deems just and equitable.

17

Respectfully submitted,

JOSEPH E. BIRKETT
DuPage County State's Attorney

By: s/PAUL F. BRUCKNER
    PAUL F. BRUCKNER
    Assistant State's Attorney

JOSEPH E. BIRKETT
DuPage County State's Attorney
By: Paul F. Bruckner, A.S.A.
Attorney No. 6206660
By: William R. Roberts
Attorney No. 6275784
503 N. County Farm Road
Wheaton, Illinois 60187
630/407-8200
630/407-8201 (fax)

paul.bruckner@dupageco.org

william.roberts@dupageco.org

## CERTIFICATE OF SERVICE

**TO:**   Kimberly A. Carr
Molly S. Basarich
Best, Vanderlaan & Harrington
12 W. Cass Street
Joliet, Illinois 60432
(815)740-1500
kcarr@bestfirm.com
mbasarich@bestfirm.com

The undersigned being first duly sworn upon oath states that:

On the 28th day of January, 2010, I served a copy of **DEFENDANTS' ANSWERS AND**

**AFFIRMATIVE DEFENSES TO COMPLAINT**, according to Fed.R.Civ.P. 5(a,), by e-filing

a copy to the above-referenced individuals.

                                    s/PAUL F. BRUCKNER
                                      Assistant State's Attorney

JOSEPH E. BIRKETT
DuPage County State's Attorney
By: Paul F. Bruckner, A.S.A.
Attorney No. 6206660
By: William R. Roberts
Attorney No. 6275784
503 N. County Farm Road
Wheaton, Illinois 60187
630/407-8200
630/407-8201 (fax)

paul.bruckner@dupageco.org

william.roberts@dupageco.org