IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN LAKICS, | ) | |
|     Plaintiff, | ) | Case No: 09 cv 6929 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| COUNTY of DUPAGE and | ) | Mag. Judge Valdez |
| JOHN ZARUBA, in his official capacity | ) | |
| as DuPage County Sheriff, | ) | |
|     Defendants. | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Now Come the Defendants, the COUNTY OF DUPAGE and JOHN ZARUBA, in his official capacity as DuPage County Sheriff (hereinafter "Defendants"), by and through their attorney, Robert B. Berlin, DuPage County State's Attorney, and his assistants, Paul F. Bruckner and William R. Roberts, and for their Motion For Summary Judgment, state as follows:

1. On November 4, 2009, Plaintiff filed her Complaint naming "DuPage County Sheriff's Department" as the defendant.

2. A Motion to Dismiss was filed asserting that "DuPage County Sheriff's Department" is not a legal, sueable entity and the action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the named 'party' was a non-existent entity.

3. On January 14, 2010, Plaintiff made an oral motion to substitute defendant on the basis of misnomer. Over objection, Plaintiff's motion was granted. The "DuPage County Sheriff's Department" was removed as defendant, and County of DuPage and John Zaruba, in his official capacity as DuPage County Sheriff, were substituted as defendants.

4. Plaintiff's four count Complaint asserts three counts under Title VII based upon gender and retaliation, and a §1983 count asserting violation of right of freedom of association.

5. Defendants filed an Answer and Affirmative Defenses, denying any discrimination or retaliation, denying any violation of freedom of association, denying that the Plaintiff was employed by the COUNTY OF DUPAGE, denying that Plaintiff had filed timely charges against the Defendants with the Equal Employment Opportunity Commission, asserting that Plaintiff failed to timely file her Complaint against the Defendants, and denying that punitive damages are available to Plaintiff from the Defendants.

6. Pursuant to the Court's January 14, 2010 order, the COUNTY OF DUPAGE was added as a party in this action. Defendant County presumes the Court added the County "because state law requires the county to pay, federal law deems it an indispensable party to the litigation." *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

A county's *respondeat superior* liability extends only to county employees and not to independent county officers, and although sheriffs are county officers, they are not employees of the county for *respondeat superior* liability purposes. *Moy v. County of Cook*, 159 Ill.2d 519, 203 Ill.Dec. 776, 640 N.E.2d 926, 930 (Ill. 1994). Rather, sheriffs are independently elected officials not subject to the control of the county. *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). Further, Plaintiff is not employed by the County of DuPage, Plaintiff is an employee of the Sheriff of DuPage County. DuPage County has no control over the Sheriff in the internal operations of his Office (55 ILCS 5/3-6018), nor does the County have control over the employees of the Sheriff. Additionally, Plaintiff never filed any charges against the County of DuPage with the EEOC, the only charges she filed with the EEOC were against a non-existent entity, the "DuPage County Sheriff's Department."

DuPage County maintains that the Court's holding in *Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497 (2003) does not make the County liable. Simply because "the county is required to

pay a judgment" does not make a county liable for the actions of those it does not control and, *to the degree Plaintiff seeks to hold the County liable* for any alleged actions of the Sheriff, the COUNTY OF DUPAGE is entitled to summary judgment.

7. In Counts I, II, and III, Plaintiff seeks punitive damages against Defendants. Local governmental entities, including the Defendants, are immune from punitive damages. *City of Newport v. Fact Concepts,* 453 U.S. 247 (1981). Accordingly, any request for punitive damages against the Defendants must be dismissed.

8. In Counts I, II, and III, Plaintiff claims that she was discriminated against, or retaliated, against due to her gender. Plaintiff alleges that she was denied the opportunity to take classes that male deputies were allowed to take. Plaintiff alleges that she was 'passed over' for promotion and that 'lesser qualified' male employees were promoted. Plaintiff alleges that she was retaliated against for making complaints. However, Plaintiff has failed to present any material facts which would establish discrimination or retaliation based upon gender.

9. In Count IV, Plaintiff claims that there was a 'political fallout' between her husband, who at one time was Mayor of West Chicago, and the Sheriff of DuPage County. Plaintiff claims that Defendants violated her First Amendment right to freedom of association due to the alleged 'political fallout'. However, Plaintiff has presented no evidence of any 'political fallout", and, in fact, the evidence presented establishes that there was no 'political fallout.'

WHEREFORE, for the foregoing reasons, for the reasons set forth in Defendants' Memorandum of Law in Support, and based upon the facts presented in Defendants' Rule 56.1(a)(3) Statement of Uncontested Facts, the Defendants, the COUNTY OF DUPAGE and

JOHN ZARUBA, in his official capacity as DuPage County Sheriff, respectfully request this Court to enter summary judgment in their favor and against Plaintiff on Plaintiff's Complaint.

        Respectfully submitted,

        ROBERT B. BERLIN
        DuPage County State's Attorney

        By: s/PAUL F. BRUCKNER
            PAUL F. BRUCKNER
            Assistant State's Attorney

ROBERT B. BERLIN
DuPage County State's Attorney
By: Paul F. Bruckner, A.S.A.
Attorney No. 6206660
By: William R. Roberts
Attorney No. 6275784
503 N. County Farm Road
Wheaton, Illinois 60187
630/407-8200
630/407-8201 (fax)

paul.bruckner@dupageco.org

william.roberts@dupageco.org

## CERTIFICATE OF SERVICE

TO:   Ms. Carrie Linden
Mr. John C. Kreamer
BEST, VANDERLAAN & HARRINGTON
400 East Diehl Road, Suite 280
Naperville, Illinois 60563-1352

Adam Haussermann
BEST, VANDERLAAN & HARRINGTON
25 East Washington, #210
Chicago, IL 60602

The undersigned being first duly sworn upon oath states that:

On the 30th day of June, 2011, I served a copy of DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, according to Fed.R.Civ.P. 5(a,), by e-filing a copy to the above-referenced individuals.

                                              s/PAUL F. BRUCKNER
                                              Assistant State's Attorney

w\pfb\Lakics MSJ