# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6929 | **DATE** | 3/28/2012 |
| **CASE TITLE** | Lakics vs. County of DuPage, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion for summary judgment [41] is denied as to Count I and IV of plaintiff's complaint. The motion [41] is granted as to Counts II and III. All claims against the County of DuPage and Sheriff Zaruba in his official capacity for punitive damages are stricken. The substantive claims against the County of DuPage are dismissed. This case will be called for status on 4/10/2012 at 8:30 a.m. to set a trial date.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Susan Lakics has filed this lawsuit against the DuPage County Sheriff, John E. Zaruba, and the County of DuPage alleging sex discrimination, hostile work environment and retaliation prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. She also asserts violation of her constitutional right to freedom of association under the First Amendment, in violation of 42 U.S.C. § 1983. Lakics filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and received a Notice of Right to Sue dated September 9, 2009.[1] The Sheriff has moved for summary judgment.[2] The following facts, viewed in a light most favorable to the plaintiff, are sufficient for disposition of the motion. They do not reflect all the facts in evidence.

**I.  Facts**

In 1997, Lakics qualified for and was selected for appointment as a DuPage County deputy sheriff under the DuPage County Sheriff's Merit Commission's procedures. She was assigned to work in the Corrections Bureau at the county jail. In April 2002, Lakics asked to be transferred to the patrol division within the Law Enforcement Bureau. The Sheriff sent Lakics for training to become certified as a law enforcement deputy. At some point in 2003, Lakics was offered a transfer from the jail to the patrol division but she declined the offer and remained at the jail assignment.[3] During her employment with the Sheriff's Office, she has served as a field training officer, acting sergeant, and corporal at various times. At all times, Lakics' performance evaluations have been positive. The Sheriff has offered no testimony or evidence critical of her work performance.

Deputies who are designated as corporals receive an increase in pay, although it is not a promotion in rank under the Merit Commission and there is no formal application process. Instead, it appears that the Chief inquires as to whether a deputy is interested when a position becomes available. Lakics testified that

**STATEMENT**

she expressed interest seven times but was never made a corporal. Six of the seven positions were given to men. The only time Lakics served in a corporal position was 2008 or 2009 when the field training officer position was designated as a corporal position. Because she was a field training officer at that time she became a corporal.

In 2002, 2004, 2006, and 2008, Lakics took the Merit Commission's promotional exam to qualify to become a sergeant in the Corrections Bureau. Lakics was designated as qualified each time. Each time the test was given, those who qualified were placed on an eligible list for a two-year period. Each list was given to the Sheriff with the qualified employees listed in rank order. The Sheriff was able to choose anyone on the list without regard to rank order, however.

In 2006, Lakics ranked sixth of eight qualified candidates. The rank and sex (M/F) were in this order: 1.M; 2.M; 3.F; 4.M; 5.M; 6. Lakics; 7.M; 8.M. The first five candidates were promoted (or offered promotion) in rank order as positions became available. The next promotion went to the seventh candidate, Scott Bain, leaving Lakics, the sixth, and a male candidate, the eighth, who were not promoted during that eligibility period. At some time after Bain was promoted, Lakics observed that her name was crossed off the eligibility list posted in her supervisor's office and had "D.O.A." written by it.[4] Lakics' claim of sexual harassment rests on this incident and some derisive remarks made by male peers about it, and male peers' demeaning comments and conduct towards females regarding their inability to handle the job, such as pushing female deputies out of the way and taking over in a conflict among inmates, and making derogatory comments about women. Lakics claims to have complained to her supervisor about the treatment she received by her male peers and complained to Chief Smith about not being promoted to sergeant.

At some point during 2008, Lakics made another request to transfer to the patrol division. The Sheriff authorized this transfer in February 2009, and Lakics is currently working in the patrol division. She has not been promoted. She did not take the 2010 eligibility exam.

**II. Legal Standard**

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(c) & advisory committee notes. The party seeking summary judgment bears the initial burden of proving that there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the nonmoving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact is one that might affect the outcome of the suit. *Insolia*, 216 F.3d at 598–99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Under the familiar indirect method of proof established in *McDonnell Douglas Corp.* v. *Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), Lakics bears the initial burden of producing evidence to sustain a *prima facie* case. To establish a *prima facie* case of sex discrimination, Lakics must demonstrate that (1) she is a member of a protected class; (2) she was meeting her employer's legitimate

**STATEMENT**

expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than other similarly situated employees not of her protected class. *Montgomery* v. *Am. Airlines*, 626 F.3d 382, 394 (7th Cir. 2010). If she meets this burden, the Sheriff must then articulate a legitimate, nondiscriminatory reason for his action. *Id.* If the Sheriff offers a legitimate, nondiscriminatory reason, the burden shifts back to Lakics to show that the reason proffered by the Sheriff was a pretext for discrimination. *Id.*

Plainly, Lakics has proffered sufficient evidence to establish the first three elements of proof with respect to her non-promotion in 2006. As to the fourth element, Lakics presented evidence that she was treated less favorably than a comparable male candidate, Scott Bain, who ranked lower than she on the eligible list but was promoted over her.[5] The Sheriff responds that he was permitted to promote anyone on the list and that Scott Bain was also a qualified candidate. Moreover, a higher ranked female, number three on the list, was promoted. This defense has two difficulties. First, that another woman was promoted does not mean that Lakics was not promoted because of her sex. *See*, *e.g.*, *Stockwell* v. *City of Harvey*, No. 07 CV 5868, 2009 WL 1139144, at *3 (N.D. Ill. Apr. 23, 2009) ("Promotion of one member of the disputed class does not necessarily defeat the prima facie case.") (citing *Collier* v. *Budd Co.,* 66 F.3d 886, 890 (7th Cir. 1995) (stating that the plaintiff satisfied a *prima facie* case of age discrimination action even when the defendant company retained the oldest worker; pointing out that the issue is whether younger workers were treated more favorably)). Second, a generalization without any articulated reason as to why Bain was a better candidate than Lakics does nothing to rebut her *prima facie* showing that a less-qualified man was chosen over her, particularly where all previous promotions from the 2006 list had been made in rank order. Although there is competing evidence that Lakics was being punished for her failure to adequately support the Sheriff's political campaign, the Sheriff is unlikely to offer this evidence in defense of his decision. If he does, he may walk into admissions regarding Lakics' First Amendment claim. In any event, there is sufficient evidence of discrimination in the record to permit a reasonable jury to conclude that Lakics was denied a promotion from the 2006 list because of her sex. For this reason, the motion for summary judgment on the disparate treatment claim (Count I) is denied. Because there is some evidence in the record (such as testimony of Lakics in which she asserts admissions by Chief Smith) that she was denied promotion for "political reasons," summary judgment is denied on the First Amendment (Count IV) claim as well.

Defendants also seek summary judgment on Lakics' claims of sexual harassment. To establish a *prima facie* case for a hostile work environment within the meaning of Title VII, Lakics must show that (1) "she was subjected to unwelcome harassment," (2) "the harassment was based on her sex," (3) "the harassment was sufficiently severe or pervasive so as to alter the condition of her employment and create a hostile or abusive atmosphere," and (4) "there is a basis for employer liability." *Kampmier* v. *Emeritus Corp.*, 472 F.3d 930, 940 (7th Cir. 2007). Lakics' evidence of sexual harassment is principally the D.O.A. incident. Although this incident was humiliating to her, evidence that this misconduct was based on Lakics' sex is non-existent. And although Lakics testified in general that female employees were disrespected in the workplace, the evidence lacks the specificity that would permit a reasonable jury to conclude that the work environment was hostile to women. *See, e.g., Worth* v. *Tyer*, 276 F.3d 249, 267 (7th Cir. 2001) (stating that "the occasional vulgar banter, tinged with sexual innuendo, of coarse or boorish workers" is insufficient to sustain a hostile work environment claim) (quotation marks and citation omitted); *Tilson* v. *City of Lawrence*, No. 06-cv-1641-DFH-JMS, 2008 WL 3914989, at *9 (S.D. Ind. Aug. 20, 2008) (granting defendants' summary judgment on female police officer's sexual harassment claim where officer failed to demonstrate an objectively offensive work environment). Summary judgment is, therefore, granted on Lakics' Title VII sexual harassment claim (Count II). Summary judgment is also granted on Lakics' claim of retaliation based on her having complained of sex discrimination (Count III). Although she states that she asked her supervisor why she had not been promoted, and she complained about the treatment she received by male peers, she does not identify any adverse employment action taken against her because she made the inquiry

**STATEMENT**

or complaint. *See, e.g., Hernandez* v. *Forest Preserve Dist. of Cook County, Ill.*, No. 08-cv-5731, 2011 WL 4398136, at *8–9 (N.D. Ill. Sept. 21, 2011) (granting summary judgment to defendant on plaintiff's retaliation claim where plaintiff failed to show that he suffered an adverse employment action.)

Summary judgment is also granted as to all claims for punitive damages against DuPage County and against the Sheriff in his official capacity. *See City of Newport* v. *Fact Concepts, Inc.*, 453 U.S. 247, 273, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981) (holding that a municipality is immune from punitive damages under § 1983); 42 U.S.C. § 1981a(b)(1) (precluding punitive damages under Title VII against a government or government agency); *Hill* v. *Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991) ("[P]unitive damages [may] be recovered against a government actor only in an individual capacity suit."). Furthermore, Lakics has not alleged any policy of the County that would implicate a civil rights claim against it at all. The claims against the County of DuPage survive only with respect to the County's state law obligation to indemnify the Sheriff should judgment be entered against him. Thus, DuPage County will not be a defendant on trial. *See Ryan* v. *County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995) ("Illinois sheriffs are independently elected officials not subject to the control of the county.") (citing *Thompson* v. *Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989)); *Carver* v. *Sheriff of LaSalle County, Ill.*, 324 F.3d 947, 948 (7th Cir. 2009) ("[A] county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer . . . [and][b]ecause state law requires the county to pay, federal law deems it an indispensable party to the litigation.").

1. This suit was timely filed on November 4, 2009. The court's jurisdiction rests on 28 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4). Venue is proper in this district as the events at issue took place within the Northern District of Illinois. 28 U.S.C. § 1391.

2. A copy of the charge of discrimination is not of record. Defendants' Third Affirmative Defense alleges failure to file a charge. Defendants have not asserted this as a basis of their motion for summary judgment. The court therefore deems the defense abandoned and waived.

3. Lakics claims to have denied the offer because she needed to consult with her family first before accepting but because Chief Lavery needed an immediate answer, she was prevented from so doing.

4. From 1993 through 2001, Lakics' husband, Steven Lakics, was mayor of West Chicago, a municipality within DuPage County. In addition to her claim of sex discrimination, Lakics believes she was transferred to the third watch at the jail, numerous times denied assignment as a corporal although recommended by her Chief, and denied promotion to sergeant for "political" reasons having to do with political enmity between the Sheriff and her husband dating back to 1998. Plaintiff's husband testified that he believed, based on representations made by "various individuals" at meetings, that the Sheriff was upset with the length of time it took for West Chicago to process a permit for a "SWAP camp" the Sheriff was seeking. Mr. Lakics could not point to any specific individual who made these representations, and he never spoke directly with the Sheriff about his alleged concerns. Mr. Lakics denied that there was delay in opening the facility for which the Sheriff needed the permit. (*See* Dkt No. 43-7, at 10–14). According to Lakics, she also received advice that she should donate to the Sheriff's campaign fund. A campaign solicitation to buy tickets to a fundraiser was included in her (and other employees') paychecks. The Sheriff is aware of which employees attend his annual fundraising event. Lakics knows of a female sergeant and a male detective who were retaliated against for not supporting the Sheriff's reelection. Without her charge being of record, it is difficult to discern the precise scope of Lakics' claims. It goes without saying, however, that any discrimination that occurred more than 300 days before she filed her charge could not be the basis for this case. *See Stepney* v. *Naperville Sch. Dist. 203*, 392 F.3d 236 (7th Cir. 2004) ("Under Title VII, a plaintiff in Illinois must file an employment discrimination charge with the EEOC within 300 days 'after the alleged unlawful employment practice occurred.'") (quoting 42 U.S.C. § 2000e-5(e)(1)). Similarly, Lakics' § 1983 claim must be based on evidence of events occurring within two years of her filing the complaint. *See Draper* v. *Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011)

("In Illinois, the statute of limitations period for § 1983 claims is two years.").

5. To be similarly situated, employees must be "directly comparable in all material respects." *Hudson* v. *Chicago Transit Auth.*, 375 F.3d 552, 561 (7th Cir. 2004) (citations omitted). Relevant factors include whether the employees reported to the same supervisor, were subject to the same standards, and possessed comparable qualifications. *Patterson* v. *Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002).