IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN LAKICS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 CV 6929 |
| | ) | |
| v. | ) | |
| | ) | **Judge Joan H. Lefkow** |
| JOHN E. ZARUBA, INDIVIDUALLY | ) | |
| And IN HIS OFFICIAL CAPACITY | ) | **Mag. Judge Valdez** |
| AS SHERIFF OF DUPAGE COUNTY, | ) | |
| and COUNTY OF DUPAGE, | ) | |
| | ) | |
| Defendants. | | |

**MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COMES Plaintiff, SUSAN LAKICS, by her attorney, JOHN C. KREAMER, and

pursuant to F.R.CP. 50, moves for judgment as a matter of law on the issue of whether

Defendant, John E. Zaruba, was acting in an individual and official capacity at the time he made

the decision not to promote Plaintiff.   In support of said motion, Plaintiff states as follows:

1.      Rule 50 of the Federal Rule of Civil Procedure allows a party, at any time prior to

a matter being submitted to the jury, to seek a determination as a matter of law on an issue that

has been fully heard and on the basis that a jury would not have a legally sufficient evidentiary

basis to find in favor of the opposing party on that issue.

2.      In this case, John E. Zaruba is being sued in his individual capacity as well as his

official capacity as Sheriff of DuPage County under 42 U.S.C.A. 1983 and in his official

capacity under Title VII of the Civil Rights Act.

3.      In *Pembaur vs. City of Cincinnati*, 106 S. Ct. 1292 (1986), the U.S. Supreme

Court determined the criteria under which an official capacity claim exists under Section 1983.

In *Pembaur,* a physician claimed his civil rights were violated by the county and the city and

county and city officials arising out of the county sheriff's deputies attempting to serve capiases

on third parties in the physician's office. *Id. At 1294-1296.* When the county sheriff deputies

arrived to execute service, the physician refused to allow them into his office. City of Cincinnati

police officers thereafter arrived and attempted to convince the physician to allow entrance, but

he continued to refuse. The Deputy Sheriffs then called their superior who told them to call the

County Prosecutor's office. The assistant prosecutor conferred with the County prosecutor who

in turn instructed the assistant prosecutor to advise the Deputy sheriffs to "go in and get" the

employees who were the subject of the capiases. *Id.* The physician thereafter brought a 1983

action against various defendants. On appeal, the physician pursued only his claims against

Whalen (the assistant prosecutor), Hamilton County and the City of Cincinnati, on the theory that

the municipalities were liable in an official capacity for the acts alleged to have occurred. The

appellate court affirmed the lower court's dismissal against Hamilton County. In so holding, it

found that while it believed the nature and duties of the Sheriff are such that his acts may fairly

be said to represent the county's official policy with respect to the particular subject matter, the

Appeals court believed that the plaintiff had failed to prove the existence of a company policy

sanctioning the conduct of the deputies in forcing entry. Specifically, the Sixth Circuit Court of

Appeals held "that a single discrete decision is insufficient by itself, to establish that the

Prosecutor, the Sheriff, or both were implementing a governmental policy."

       4.       However, the Supreme Court disagreed with the Sixth Circuit's decision as to

Hamilton County. In that regard, after discussing the reasoning behind imposing municipal

liability in official capacity §1983 claims, the court held that:

> "With this understanding, it is plain that municipal liability may be imposed for a single
> decision by policymakers under appropriate circumstances. No one has ever doubted, for
> instance, that a municipality may be liable under §1983 for a single decision by its
> properly constituted legislative body – whether or not that body had taken similar action
> in the past or intended to do so in the future – because even a single decision by such a

body unquestionably constitutes an act of official government policy."

 . . . .

" . . . as in *Owen* and *Newport*, a government frequently chooses a course of action tailored to a particular situation not intended to control decisions in later situations. If the decision to adopt a particular course of action is properly made by that government's authorized decision makers, it surely represents an act of official government "policy" as that term is commonly understood. More importantly, where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly. To deny compensation to the victim would therefore be contrary to the fundamental purpose of §1983."

5.      The Supreme Court ultimately held that "municipal liability under §1983 attaches where – and only where – a deliberate choice to follow a course of action is made among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

6.      Additionally, §1983 provides for individual liability against a public employee where that employee played an individual role in causing the alleged constitutional deprivation.

7.      Under Title VII of the Civil Rights Act, only an employer can be liable. There is no individual liability but instead an employer is liable for the acts of its agents and employees.

8.      Here, the testimony has been clear. First, that John E. Zaruba determines policy for the DuPage County Sherriff's office.   Second, that he, as the Sheriff, makes all decisions concerning promotions.   Third, that he, as the Sheriff and individually, made the decision not to promote Susan Lakics in the fall of 2007.

9.      He claims he made the decision relative to Lakics promotion on the theory that it was not until the time came to determine her promotion, after having already promoted 5 persons in rank order on the Merit Commission eligibility list, that he learned the merit eligibility list did not contain performance review scores in the rankings. Thus, he claims he made a determination at that point to use performance review scores separately when comparing Lakics to Bain in

determining who was next in line for promotion. He ultimately concluded that, he says, that Bain was more qualified and promoted him over Lakics, even though she was ranked higher than Bain on the Merit Commission eligibility list.

10. Plaintiff claims that John E. Zaruba, made a decision to skip Lakics in the rank list provided by the Merit Commission, because he exercised a determination to not promote someone (Lakics) who did not politically support him and/or to not promote Lakics because she was a woman.

11. Whatever the decision may be of the jury, either way the jury will be deciding whether Zaruba, who has the ultimate and final decision of setting policy within the Sheriff's office, made a policy decision arising from the decision to not promote Lakics.

12. Under Pembaur, Zaruba, the highest official in the Sheriff's office and the official responsible for determining policy in that office, made a deliberate choice to follow a course of action, made among various alternatives, for establishing final policy with respect to the decision of who to promote and not to promote in relation to Susan Lakics. This consequently results in individual and official liability under Section 1983.

13. As to the sex discrimination claim under Title VII, John E. Zaruba, in his Official Capacity as Sheriff of DuPage County, is the liability entity, as Lakics employer. In that capacity, such entity is liable for the discriminator practices of not only the Sheriff but also those employees of the Sheriff that engaged in discriminatory practices that materially effected the terms and condition of Lakic's employment.

14. All of the foregoing arguments are directly in line with this court's decision of January 25, 2013.

14. Based on the foregoing, Plaintiff asks that this Court determine, as a matter of law, that John E. Zaruba was acting in his individual and official capacity *vis vis* the claims of

Susan Lakics under §1983 and that he was acting in his official capacity with regard to her claim under Title VII.

15.     Plaintiff further requests that the issue of whether Zaruba was acting in his official capacity thereby be removed from the province of the jury and that all instructions sent to the jury include the claims brought against John E. Zaruba in both his individual and official capacity.

WHEREFORE, Plaintiff, SUSAN LAKICS, prays that this court enter an order granting the above requested relief.

Respectfully Submitted,
**SUSAN LAKICS**

By: */s/ John C. Kreamer*
One of Her Attorneys

**Best, Vanderlaan & Harrington**
John C. Kreamer
Carrie Linden
Best, Vanderlaan & Harrington
400 E. Diehl Road, Suite 280
Naperville, Illinois 60563
630-752-8000
630-752-8763 (facsimile)
jckreamer@bestfirm.com
clinden@bestfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, certify that I caused to be served the foregoing

document(s) with attachment(s) referred to therein, if any, by electronically filing to counsel for

Defendant, on this 10th day of February, 2013.

*/s/ John C. Kreamer*