IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN LAKICS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 09 cv 6929 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| JOHN E. ZARUBA, INDIVIDUALLY | ) | |
| And IN HIS OFFICIAL CAPACITY | ) | Mag. Judge Valdez |
| AS SHERIFF OF DUPAGE COUNTY, | ) | |
| and COUNTY OF DUPAGE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR A JUDGMENT AS A MATTER OF LAW, A NEW TRIAL, OR IN THE ALTERNATIVE REMITTITUR, PURSUANT TO RULES 50(b), AND 59(a)**

The Defendants, the COUNTY OF DUPAGE and JOHN ZARUBA, *in his official capacity as DuPage County Sheriff* (hereinafter "Defendants"), by and through their attorney, Robert B. Berlin, DuPage County State's Attorney, and his assistants, Paul F. Bruckner, Thomas F. Downing, and William R. Roberts[1], and for their Motion For A New Trial, Judgment As A Matter Of Law, Or In The Alternative, Remittitur, Pursuant To Rules 50(b) And 59(a), state as follows:

**INTRODUCTION**

The Court conducted a jury trial in this matter on February 4, 5, 6, 7 and 11, 2013. Only two of Plaintiff's claims went to trial, her Title VII gender discrimination claim and her Section 1983 political retaliation claim. At the close of the evidence, in accordance with the provisions of Rule 50(a), the Defendants moved for a directed verdict on all of Plaintiff's claims. The Court

---

[1] Defendants' attorneys have only appeared on behalf of the Defendants in their official capacity. Counsels' concerns regarding joint representation in this case were set forth in the Defendants' Motion to Deny Leave to Amend, or, in the Alternative, to Continue Trial, filed on January 28, 2013.

denied the Defendants' motion without prejudice with respect to the Section 1983 claim. On February 11, 2013, the jury returned a verdict in favor of the Defendants on Plaintiff's Title VII gender discrimination claim, in favor of the Plaintiff on her Section 1983 claim, and awarded Plaintiff one million dollars in damages. The Court has not entered judgment on the verdict and has scheduled a hearing on wage related damages for April 3, 2013.

Judgment as a matter of law should be entered in the Defendants' favor as to Plaintiff's Section 1983 claims for the reasons set forth below. A memorandum of law in support of this motion will be filed before presentment of this motion. In the alternative, the Defendants move the Court for a new trial pursuant to Federal Rules of Civil Procedure 59 because the jury's verdict on Plaintiff's Section 1983 claim was contrary to the manifest weight of the evidence. Defendants also move for a new trial because the Court erred in allowing Plaintiff to amend her complaint the day before trial, the Court erred in how she instructed the jury, the Court erred by allowing evidence to be admitted that was not relevant, or otherwise inadmissible as set forth below. Lastly, Defendants move, in the alternative, for the Court to enter an order of remittitur of the damages award.

The Defendants bring this motion based on the following errors that occurred immediately before the trial, during the trial, in the instructions given to the jury and the damages awarded to Plaintiff in the verdict:

1.  There was no legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiff on the issue of political discrimination with regard to the promotion of Deputy Bain, in that there was no evidence as to whether Deputy Bain was involved in politics or had in any way supported Sheriff Zaruba's political campaign. There was insufficient evidence to show that the Sheriff promoted Deputy Bain as a result of Plaintiff's political support for her husband's

2

1998 mayoral campaign, and there was insufficient evidence for a reasonable jury to find that the promotion of Deputy Bain was because of the Plaintiff's lack of support for Sheriff Zaruba's political campaign.

2. The Plaintiff should not have been permitted to amend her complaint on the eve of trial, adding Sheriff Zaruba as a new defendant sued in his individual capacity.

3. The Court failed to properly instruct the jury on all elements of a Section 1983 official capacity claim; and gave improper instructions to the jury regarding *respondeat superior* liability and damages.

4. The Court erred by permitting the Plaintiff and her husband to testify to the double hearsay statement allegedly made by retired Chief of Corrections John Smith that "the sheriff came back with the third letter, slammed it on his desk and told him to never ask for anything with [Plaintiff's] name on it again," since John Smith was not an agent of Defendants at the time this statement was allegedly made.

5. The Court erred by permitting the Plaintiff to introduce into evidence and by permitting Plaintiff's witnesses to testify about the promotional list with the "doa" statement written on it, since there was no nexus between the statement on this document and Sheriff Zaruba in so far as: (1) there was no evidence that Sheriff Zaruba made this document; (2) Sheriff Zaruba did not know about it until after this lawsuit was filed; (3) Sheriff Zaruba did not take it into consideration at the time he promoted Deputy Bain; and (4) it was a violation of the Sheriff's policies to make or permit this document to be posted.

6. In the instant case, the jury awarded one million dollars in compensatory damages (excluding salary issues) on Plaintiff's First Amendment claim. The one million dollar

award is "monstrously excessive," as defined by relevant caselaw, is not rationally connected to the evidence, and is not roughly comparable to awards made in similar cases.

WHEREFORE, for the foregoing reasons, the Defendants, the COUNTY OF DUPAGE and JOHN ZARUBA, *in his official capacity as DuPage County Sheriff,* respectfully request that this Honorable Court enter an order granting judgment as a matter of law to the Defendants, or, in the alternative, to enter an order granting a new trial, or, in the alternative granting remittitur of the jury award, and for any further relief that the Court determines to be just and appropriate.

        Respectfully submitted,

        ROBERT B. BERLIN
        DuPage County State's Attorney

        By: s/ THOMAS F. DOWNING
            THOMAS F. DOWNING
            Assistant State's Attorney

ROBERT B. BERLIN
DuPage County State's Attorney
By: Thomas F. Downing, ASA
Attorney No. 6188673
By: Paul F. Bruckner, A.S.A.
Attorney No. 6206660
By: William R. Roberts
Attorney No. 6275784
503 N. County Farm Road
Wheaton, Illinois 60187
630/407-8200
630/407-8201 (fax)

thomas.downing@dupageco.org
paul.bruckner@dupageco.org
william.roberts@dupageco.org

**CERTIFICATE OF SERVICE**

**TO:** Ms. Carrie Linden
Mr. John C. Kreamer
BEST, VANDERLAAN & HARRINGTON
400 East Diehl Road, Suite 280
Naperville, Illinois 60563-1352

The undersigned being first duly sworn upon oath states that:

On the 11th day of March, 2013, I served a copy of DEFENDANTS' MOTION FOR A JUDGMENT AS A MATTER OF LAW, A NEW TRIAL, OR IN THE ALTERNATIVE REMITTITUR, PURSUANT TO RULE 50(b), AND 59(a), according to Fed.R.Civ.P. 5(a,), by e-filing a copy to the above-referenced individuals.

                                             s/THOMAS F. DOWNING
                                             Assistant State's Attorney